**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| REDA & DES JARDINS, LLC, | ) | |
| | ) | No. 26 CV 1125 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| EVAN M. SAUER and INSIDE OUT | ) | |
| LEGAL, LLC, | ) | |
| | ) | July 7, 2026 |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Reda & Des Jardins, LLC ("R&D") sues Defendants Evan Sauer and Inside Out Legal, LLC ("Inside Out") for allegedly using its "SHOPLOCK" mark without consent in violation of the Lanham Act, 15 U.S.C. § 1114 (Count I), breaching fiduciary duties through conversion of business opportunities, abandoning trademark applications, and stealing real estate title agent fees (Counts II, III, and V), and tortiously interfering with contracts (Count IV). Before the court is Sauer's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Inside Out answered the complaint, (see R. 12, Ans.), and does not join Sauer in the current motion. For the following reasons, the motion is granted but without prejudice:

**Background**

The court accepts as true all well-pleaded relevant facts in the complaint and draws all reasonable inferences in R&D's favor. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016). R&D is a law firm based in Lake Forest, Illinois, with attorney Robert Reda serving both as a managing member and

its attorney of record in this case. (R. 1, Compl. ¶¶ 2, 6.) Sauer is an attorney who served as the other managing member of R&D until he resigned effective January 31, 2024. (Id. ¶¶ 8, 12, 14, 26 & Ex. 13; see also R. 13, Def.'s Mot. at 1.) Thereafter, Sauer began working for Inside Out, a law firm based in St. Charles, Illinois. (See R. 1, Compl. ¶ 27 & Ex. 14.)

During his tenure at R&D, Sauer managed the firm's "Estates & Probate and Litigation Practices, as well as its Finance, Human Resources, Information Technology, and Operations duties." (Id. ¶ 6.) He was also "responsible for R&D's . . . Business and Real Estate Practices, as well as its Marketing Programs, Social Media Programs, and Client Resource Management Software and Database 'Lawmatics.'" (Id. ¶ 8.) As part of its Marketing Program, R&D started a "Brand Protection for Ecomm Sellers" Facebook group in March 2019, which can be found at http://www.facebook.com/groups/brandprotectionecommlawyer. (Id. ¶ 20(a) & Exs. 2, 23.) In July 2021 the firm subscribed to the online platform Lawmatics to manage client resources. (Id. ¶ 20(b).) And the following year, R&D hosted an Instagram page to market its ecommerce services. (Id. ¶ 20(c) (see https://instagram.com/evansauerlegal/).) R&D invested more than $50,000 in its Marketing and Social Media Programs. (Id. ¶ 20(d).)

In January 2022 Sauer submitted a trademark application to the United States Patent and Trademark Office ("USPTO") on behalf of R&D, for the registration of the mark "SHOPLOCK." (Id. ¶ 21.) In April 2023 the USPTO granted R&D's application for the "SHOPLOCK" mark in international classes 41 and 45. (Id. ¶ 22

& Ex. 4.) Sauer then began integrating the "SHOPLOCK" mark into R&D's Marketing and Social Media Programs, including by establishing Ecommerce Business Instagram and Facebook groups, (id. ¶ 23(a), (b) & Exs. 5-6 (operating at instagram.com/evansauerlegal and facebook.com/groups/ brandprotectionecommlawyer), and by promoting the mark through SHOPLOCK-branded workshops in these groups and through the SHOPLOCK YouTube Channel in 2023 and early 2024, (id. ¶¶ 23(c)-(f)-25 & Exs. 7-12). The court infers from R&D's allegations that Sauer used the "SHOPLOCK" mark to attract new clients and generate business in the ecommerce sector for R&D. (See id. ¶¶ 20, 23-25.)

R&D now alleges that Sauer is misusing the "SHOPLOCK" mark by "promot[ing] R&D's SHOPLOCK Trademark, Brand, and Services on a YouTube Channel through numerous videos, which are still available online." (Id. ¶ 24.) In support of this allegation, R&D attaches to Exhibit 11 to its complaint, which appears to be a screenshot of Sauer's "SHOPLOCK" YouTube Channel with the title, "Legal Strategies to Grow Your Online Business & Avoid Lawsuits." (Id. ¶ 24 & Ex. 11.) The screenshot also shows that short videos are offered on this channel, showing the "SHOPLOCK" mark, in connection with various business concepts, such as creating goodwill to add value and "[c]hoosing the right legal entity" for an ecommerce platform. (Id., Ex. 11.) But R&D does not include allegations regarding the ownership and exclusive control of the subject mark or Sauer's alleged use of the mark without consent.

3

## Analysis

Sauer moves to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. (See generally R. 13, Def.'s Mot.) To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice of its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). In ruling on a Rule 12(b)(6) motion, the court is limited to considering the allegations in the complaint, "documents incorporated into the complaint by reference[,] and public records." *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025).

The court turns first to R&D's Lanham Act claim because it supplies the subject matter jurisdiction needed for the court to preside over this matter. The Lanham Act imposes liability for trademark infringement when a defendant "'use[s] in commerce,' without consent, 'any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services,'" and "such use is likely to cause confusion, or to cause mistake, or to deceive.'" *Davis v. Entities Listed on Ex. 1*, No. 23 CV 10799, 2026 WL 893345, at *5 (N.D. Ill. March 31, 2026) (citing 15 U.S.C. § 1114(1)(a)). To prevail on a false designation of origin claim, a plaintiff must show

4

that the designation is "'likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods.'" *Phoenix Ent. Partners, LLC v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (citation omitted). The plaintiff must also show "'that its mark is protectable.'" *Id.* (citing *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001) (collecting cases)).

Sauer asserts that R&D fails to sufficiently allege the following two elements required for a trademark infringement claim: (1) use of the registered mark in commerce without authorization; and (2) likelihood of confusion as to the "origin or sponsorship of [Sauer's] products." (R. 13, Def.'s Mot. at 3-6.) As to the first element, Sauer contends that R&D pleaded the trademark claim out of court by alleging that he used the "SHOPLOCK" mark while serving as a managing member of the firm and then "*stopped* using the mark when he left the firm." (Id. at 4 (citing R. 1, Compl. ¶¶ 23-25 (emphasis in original)).) For support Sauer cites to R&D's allegation in the complaint that on February 2, 2024, just after Sauer effectively resigned from R&D, he "changed the name of the Facebook" "SHOPLOCK" group to another name, removing "SHOPLOCK" from the original name. (Id. (citing R. 1, Compl. ¶ 35).) Sauer says this "concession" shows he "did not infringe" the "SHOPLOCK" mark and, in any event, R&D failed to plead sufficient facts to allow the court to infer that Sauer "willfully and knowingly" used such mark without authorization. (Id.); *see also Iqbal*, 556 U.S. at 678.

R&D responds by pointing to allegations in the complaint suggesting that Sauer infringed the "SHOPLOCK" mark by using it on his YouTube channel

promoting his legal services, which are "still available online," well after Sauer resigned from R&D. (R. 21, Pl.'s Resp. at 2-3 (citing R. 1, Compl. ¶ 24).) For support, R&D attaches Exhibit 11 to the complaint, which is a screenshot showing Sauer's use of the "SHOPLOCK" mark on his YouTube channel. (Id. at 3 (citing R. 1, Compl. ¶ 24 & Ex. 11).) Because the short videos showcased on the "Evan Sauer" channel appear to use the "SHOPLOCK" mark, R&D suggests that Sauer is using or has used the mark without permission. (Id.) But R&D fails to explain how this is so. Simply put, R&D does not allege in the complaint—and Exhibit 11 thereto does not show— when Sauer allegedly used the mark for this purpose or whether he is or was doing so without R&D's consent. (See id. (admitting that metadata "indicating when the 'screenshot' [in Exhibit 11 to the complaint] was taken does not appear" in Exhibit 11).)

In an effort to salvage the trademark claim, R&D attaches to its response brief Exhibit 11's metadata purportedly showing Sauer's continued use of the "SHOPLOCK" mark as recently as July 3, 2025. (See id. at 2 & Ex. 2.) But R&D does not explain how the court can consider this document given that it is outside the four corners of the complaint and R&D did not include it in its complaint. (See generally id.; see also id. at 2 (admitting that R&D did not attach Exhibit 2 to the complaint)); see also Holmes, 141 F.4th at 822. While extrinsic information may be considered pursuant to a Rule 12(b)(6) motion in certain circumstances, such as when documents are incorporated by reference into the complaint or a document is integral to the complaint, see Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002),

6

R&D does not develop such an argument here. Regardless, even if the court could consider the metadata underlying Exhibit 11 at this stage, R&D failed to plead specific facts showing that Sauer's use of the "SHOPLOCK" mark was without R&D's consent. As a result, R&D has not plausibly alleged improper "use" of the "SHOPLOCK" mark based on Sauer's alleged use of the mark on a YouTube channel that is "still available online." (R. 1, Compl. ¶ 24.)

Turning to the second element, Sauer argues that R&D does not allege in its complaint any likelihood of confusion. (R. 13, Def.'s Mot. at 5-6.) In determining whether a likelihood of confusion exists, the court must consider multiple factors. *Grubhub Inc. v. Relish Labs LLC*, 80 F.4 835, 847 (7th Cir. 2023). A court has "'broad' flexibility to determine what [likelihood-of-confusion] factors are most critical in a case," with "similarity of the marks [being] one of the most important considerations." *Ill. Tamale Co., Inc. v. LC Trademarks, Inc.*, 164 F.4th 648, 662 (7th Cir. 2026) (citation omitted). Here, R&D is not asserting that Sauer is using a "similar" mark but rather the very mark R&D registered in 2023—the "SHOPLOCK" mark. (R. 21, Pl.'s Resp. at 2-3 (citing R. 1, Compl. ¶ 24 & Ex. 11).) That said, because the court finds that R&D has not plausibly alleged that Sauer is using the "SHOPLOCK" mark without consent, the court declines to assess whether there is a likelihood of confusion.

Without a facially plausible Lanham Act claim—the only federal claim R&D brings here, subject matter jurisdiction is lacking, and this case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

7

matter jurisdiction, the court must dismiss the action."). And diversity jurisdiction does not appear to exist because R&D alleges that Sauer is "a lawyer licensed to practice in the State of Illinois since November of 2009" and "a resident of the City of Columbus, Franklin County, in the State of Ohio," but fails to allege his citizenship, and Inside Out is "an Illinois limited liability company." (See R. 1, Compl. ¶¶ 8, 11.) Accordingly, there does not appear to be complete diversity of citizenship.

## Conclusion

For the foregoing reasons, Sauer's motion to dismiss is granted and the complaint is dismissed without prejudice. Although Inside Out did not join the motion, the complaint is dismissed as to Inside Out as well because without the Lanham Act claim, this court lacks subject matter jurisdiction. R&D may file an amended complaint curing the deficiencies identified herein by including, if it can, allegations regarding the ownership of the subject mark and Sauer's use of the mark after his January 2024 resignation without R&D's permission. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022) ("[T]he norm remains affording a plaintiff at least one opportunity to amend his complaint.").

ENTER:

_____
Young B. Kim